



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Shelby K. Long
County Attorney
Jefferson County
Beaumont, Texas

Lear Cir:

Opinion No. 0-7478

Re: Payment of engineers for
professional services to
county roads.

Your letter of October 30, 1946, states in substance
that a firm of engineers had been asked to do some preliminary
work in connection with a proposed bond issue for a county road
improvement program. The engineers had no written contract prior
to their engagement as engineers but had an oral contract or agree-
ment with all of the Commissioners. Each Commissioner was to pay
one-fourth of the total expense from the Road and Bridge Fund.
The engineers were paid an advance of Three Thousand ($3,000.00)
Dollars by order of the Commissioners' Court. After the bond
issue was submitted to the public and failed to pass, the engineers
submitted the balance of their bill, Thirteen Thousand Five Hund-
red ($13,500.00) Dollars, together with copies of all maps and
data compiled by said engineers. This made a total fee of Sixteen
Thousand Five Hundred ($16,500.00) Dollars, said fee being the
minimum fee as set out by the Texas Society of Professional Engineers.
The Court expressly confirmed and ratified the agreement entered into
between the members of the Court and the engineers. They accepted
the maps, plans and specifications as property of the Commissioners'
Court and of Jefferson County and ordered the balance of the fee to
be paid. The warrants for the entire amount of the fee are now in
the hands of the County Treasurer, who desires an opinion as to whe-
ther or not the Court had jurisdiction of the matter, and whether or
not this payment would be legal.

The minutes of the special and regular sessions of the
Commissioners' Court forwarded with your request do not reflect whe-
ther or not there was a quorum present, or whether said sessions
were otherwise legally constituted and convened to transact business
of the nature in question. For the purposes of this opinion, we
shall assume that the constitution, convention and proceedings of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Ion. Shelby K. Long - Page 2

said sessions were all in due form and manner.

The law seems well settled that this matter came within the jurisdiction of the Commissioners' Court. It is empowered to create and maintain adequate roads, and to do all such acts as may be necessary to construct permanent roads. Article 5, Section 18, Constitution; Article 2351, R. S. (1925); Lasater v. Lopez, 217 S.W. 373.

Under the powers granted above, the courts have permitted the employment of persons of special skills, such as architects, attorneys and engineers, by the Commissioners' Court for some particular work in which their professional or scientific ability is needed. Galveston County v. Gresham, 220 S. W. 560; Williams vs. DeFee, 77 S. W. (2nd) 729; Tackett v. Middleton, 280 S.W. 563; Galveston County vs. Ducie, 49 S. W. 798.

The Courts have also held that contracts calling exclusively for the personal employment of persons because of professional or scientific ability, training or efficiency, do not come within the meaning of Article 2368a, R. S. 1925, requiring competitive bids. Hunter v. Whitaker & Washington, 230 S. W. 1096; Gulf Bitulithic Co. vs. Nueces County, 11 S. W. (2nd) 305.

Therefore, your first question is answered in the affirmative; that the Commissioners' Court did have the power to employ an engineering firm to perform such work.

Now the question arises whether or not the contract between the Commissioners' Court and the engineering firm of Kohler & Shipley was a valid one.

The facts submitted in your letter do not disclose whether or not the payment to the engineers was contingent upon the passage of the bond issue. Of course, if such were the case, the contract would be conditional, and said condition would not have been fulfilled when the bonds failed to pass.

We shall, however, consider your request relying on the assumption that said engineers were retained to perform the described services regardless of the outcome of the bond issue election.

The fact that there was no written contract, but merely an oral contract between the engineers and each of the Commissioners, may or may not have resulted in an enforceable contract, but we believe the following excerpt from the minutes of the Court is controlling:

"Upon motion of Commissioner Black, seconded by Commissioner Walch, the following order was unanimously adopted: 'That the Commissioners' Court hereby confirms and ratifies, and in all things approves the agreement heretofore entered into between the Commissioners' Court and the firm of Kohler and Shipley, Engineers, and that the Commissioners Court pay the said firm of Kohler and Shipley the sum of $16,500.00, which is the minimum fee set forth by the Texas Society of Professional Engineers for such work, less $3,000.00 previously advanced, making the sum now due Kohler and Shipley $13,500.00, to be equally prorated between the four Commissioners' precincts. Copy of Maps, plans and specifications to be furnished each Commissioners' precinct and one copy to the County Clerk to be filed, and the firm of Kohler and Shipley be released by the Commissioners' Court of Jefferson County.'"

It is concluded that the Commissioners' Court expressly ratified the contract or agreement in open court and accepted the benefits of the said contract or agreement for the use of the county. That the county may thus validate a contract has been decided in Boydston v. Rockwall County, 24 S.W. 272; Leon County v. Vann, 27 S.W. 258.

Discretion in expending money from the Road and Bridge Fund is vested in Commissioners' Court by Article 6740, R. S. 1925, and unless there is a clear case of fraud or abuse, discretionary powers vested by Statute will not be disturbed. Stuckey v. Jones, 240 S.W. 565; Cannon v. McComb, 268 S.W. 999.

Your attention is also invited to Article 689a-11, V.A.C.S., which states in part:

". . . .When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time

Hon. Shelby K. Long - Page 4

be authorized by the Court as amendments to the
original budget. . . ."

Our courts have construed the above statute in Dancy v.
Davidson, 133 S.W. (2d) 195, error refused, and in Hatley v. Bexar
County, 144 S.W. (2d) 695.

In the case of Dancy v. Davidson the question involved
was whether the Commissioners' Court of Cameron County could purchase
from Mrs. Bell a tract of land and pay her $37,500.00, said land to be
used for county purposes. The court said that the property being pur-
chased could be legally purchased by the county and that the Commis-
sioners' Court had the power to enter into the contract relative thereto.
The Court of Civil Appeals at San Antonio, speaking through Judge
Norvell, however, specifically held that since there was no item in the
county budget relative to the purchase of the land in question, the
county did not have the authority to pay for same and was, therefore,
properly enjoined from paying same.

In the case of Hatley v. Bexar County, 144 S.W. (2d) 695, the
question arose as to whether the county could purchase automatic voting
machines, or pending the purchase thereof rent same with the option to
purchase. The court, after quoting the budget law, Art. 369a-11, speci-
fically held that the court could not pay for said machines or the
renting thereof until or unless same were embraced in the budget, and
held that the attempted amendment of the county budget was not suffi-
cient to embrace these items.

The Supreme Court granted a writ of error in said cause, and
held that the amended budget as made by Bexar County was sufficient,
and therefore the voting machines could be rented, subject to the right
of the county thereafter to purchase same.

The effect, however, of the Supreme Court's holding we think
is to affirm the opinion of the Court of Civil Appeals that unless the
item was embraced in the original budget or the amended budget, the
same could not be paid.

From the information furnished, it appears that Jefferson
County held two bond elections and that each of the proposed bond issues
were defeated. Whether the contract was made with the engineers before
or after the first election, or before or after the last election, and
the exact amount thereof is not definitely revealed by the evidence fur-
nished. In your letter you state the contract price was $20,000. The
order of the Commissioners' Court passed on October 21, 1946, states that

"the Commissioners' Court hereby confirms and ratifies, and in all things approves the agreement heretofore entered into" to pay the engineers a total of $16,500.00, less $3,000.00 that had already been paid. In connection with this order it seems the Commissioners' Court had placed in the minutes of said Court a copy of a letter showing the $16,500.00 to be the minimum fees that the Texas Society of Professional Engineers had adopted relative to work similar to that done by the engineers for Jefferson County.

In view of the various statements made in the information furnished, it is impossible for us to answer categorically your question as to whether the warrant should be paid.

We trust the authorities above discussed and the suggestions made will be sufficient for you, as County Attorney, to determine the legality of the warrant in question and whether it should be paid. The facts may be so complicated and disputed that only a Court of proper jurisdiction can determine same. This department of course cannot determine controverted issues of fact.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By William B. Henley, Jr.
William B. Henley, Jr.
Assistant

WBH:djm

